J-A15044-23

2023 PA Super 224

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           : PENNSYLVANIA
                                           :

                   v.                        :

JACQUAY T. HALL                 :

            Appellant          : No. 718 WDA 2022

Appeal from the Judgment of Sentence Entered May 18, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0004956-2021

BEFORE:  MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

DISSENTING OPINION BY PELLEGRINI, J.:     **FILED: November 3, 2023**

      The majority concludes, without any discussion of the material law or undisputed facts, that Hall's overbreadth challenge as to the search of his cellular phone is moot because his "abandonment" of the device deprives him of standing to assert a Fourth Amendment violation.  **See** Maj. Op. at p. 14. In doing so, the majority overlooks that neither the police nor the prosecution considered the phone to be abandoned at the inception of its search.  Further, the majority ignores the fundamental principle that an illegal search cannot be legitimized after the fact.  Accordingly, I respectfully dissent.

---

[*] Retired Senior Judge assigned to the Superior Court.

## I.

## A.

The majority has detailed how the 2014 Nissan registered to Hall was involved in the accident which prompted its occupant to flee. However, it is important to add that following the accident, the vehicle was towed to the Pittsburgh Auto Squad Garage, where the police conducted an inventory search of the vehicle pursuant to an executed search warrant obtained at approximately 8:20 a.m. on April 26, 2021. Shortly thereafter, at approximately 9:00 a.m. that morning, Hall contacted the police to report his vehicle as being stolen.

Hall claimed that he had left the vehicle parked at his apartment at 11:00 p.m. on April 25, 2021, and did not discover it was missing until moments before calling the police. Additionally, Hall reported that he had left his keys, cellular phone, jacket and money inside the vehicle. He indicated that he believed his phone was locked at the time he left it in his car, but he suggested that it could have been possibly unlocked by his vehicle's computer system and then used by the person who stole the vehicle.

Knowing that the phone belonged to Hall and that he had reported it as stolen, the police applied for a search warrant the next day, on April 27, 2021, seeking to extract all the electronic contents from the device. The warrant application for the phone and the affidavit of probable cause are set out in full in the majority opinion.

Among other things, Hall contends that the search warrant for his phone was unconstitutionally overbroad because, even if there was probable cause for a search to identify the driver of the vehicle on the night in question, that alone would not justify access to every communication, text, call history, picture, video or data on the phone's SIM card. In this appeal, the Commonwealth has taken no position as to whether the scope of the search of the phone was unconstitutionally overbroad, instead deferring to this Court's judgment on that issue. **See** Appellee's Brief, at 23-25.

The majority's focus on the initial warrantless entry by police into Hall's vehicle obscures that the true crux of this appeal is whether the subsequent search warrant for Hall's phone was constitutionally overbroad. Hall was not convicted of any charges relating to the firearm or controlled substances found in his vehicle. He was convicted of offenses which could only be proven from evidence taken from data stored in his phone pursuant to the electronic search. As the Commonwealth stressed prior to trial, "this case does come down entirely to the cell phone." **See** Transcript Preliminary Hearing, 7/1/2021, at p. 42.

**B.**

The constitutional infirmity of the phone search (discussed further below) was not cured by the purported abandonment of the device as the majority finds. Under the theory of abandonment, the protections afforded by the Fourth Amendment do not apply where a property owner has

"voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he would no longer retain a reasonable expectation of privacy with regard to it at the time of the search." ***Commonwealth v. Dowds***, 761 A.2 1125, 1131 (Pa. 2000); ***see also Commonwealth v. Shoatz***, 366 A.2d 1216, 1220 (Pa. 1976) (same).

However, for several decades, courts have held a search must be justified at its inception. ***See Terry v. Ohio***, 392 U.S. 1, 20 (1968). Evidence gathered as a direct result of illegal police conduct must be suppressed as fruit of the poisonous tree. ***See generally Commonwealth v. Santiago***, 209 A.3d 912 (Pa. 2019). It necessarily follows that a court must consider the validity of a search warrant *before* it can admit or rely on evidence obtained from the resulting search to the detriment of a criminal defendant.[1]

In the present case, the trial court found that the search of Hall's phone was valid because he had abandoned the device inside an immobilized vehicle at the scene of an accident. It was only possible to make that finding, however, by ignoring the facts known to officers at the time of the search and,

---

[1] In ***Commonwealth v. Fulton***, 179 A.3d 475, 489-91 (Pa. 2018), our Supreme Court held that derivative evidence from a warrantless search of a cell phone was inadmissible as fruit of the poisonous tree. Similarly, in ***Commonwealth v. Arnold***, 932 A.2d 143, 149 (Pa. Super. 2007), this Court rejected argument that a visitor in a home has no expectation of privacy because it would allow police "to provide retroactive justifications and randomly invade homes on the pretense that any person found to be a non-resident after the fact could be searched."

instead, only considering the challenged evidence that police gleaned from the search after it had already taken place.

It is undisputed that at the time police searched the phone, they did not know the identity of the driver involved in the subject auto collision. The police only knew that the car was registered in Hall's name, and that Hall himself had reported to them that his car and locked phone had been stolen. Indeed, the purpose of the phone search, as stated in the affidavit of probable cause, was "to assist with [the] investigation to find out the driver of the vehicle."

The police admittedly could not identify *Hall* as the driver who had left his phone in the vehicle until *after* they had searched the phone, using its data to make the identification. Hall's identity as the driver and his alleged abandonment of the phone could only be proven by evidence which was the subject of Hall's constitutional challenge. It was, therefore, incumbent on the trial court to assess the legality of the phone search based on the facts known to police at the search's inception, without the benefit of the fruits yielded from the disputed search itself.

Moreover, aside from the issue of Hall's identity at the inception of the phone search, the facts do not indicate that Hall abandoned his phone for constitutional purposes. Rather than relinquish an ownership interest in the property, Hall affirmed his continued interest by explicitly telling police prior to the search that his phone was in his vehicle when it was stolen and that he

had intended for the device to remain locked. This is the exact opposite of what is required in order for Hall to be divested of his right to constitutional protection against an unreasonable search. **See Dowds**, 761 A.2 at 1131.

**II.**

Since the abandonment exception does not come into play, this Court must consider Hall's argument that the search of his phone was unconstitutionally overbroad. He claims that even if there was probable cause for a search of the phone to identify the driver of his vehicle on the night in question, the search exceeded its lawful scope because police were granted access to every communication, text, call history, picture, video or data on his phone's SIM card.

"A police officer has probable cause to believe that an object is incriminating where the facts available to the officer would warrant a man of reasonable caution in the belief that certain items may be contraband or stolen property or *useful as evidence of a crime*[.]" **Commonwealth v. Wright**, 99 A.3d 565, 569 (Pa. Super. 2014) (internal quotation marks and citation omitted; emphasis in original).

A warrant is unconstitutionally overbroad if there is an "unreasonable discrepancy" between the items sought and the items for which there is probable cause to search and seize. **Commonwealth v. Moser**, 283 A.3d 850, 858 (Pa. Super. 2022) (quoting **Commonwealth v. Green**, 265 A.3d 541, 550 (Pa. 2021)). "A warrant unconstitutional for its lack of particularity

authorizes a search in terms so ambiguous as to allow the executing officers to pick and choose among an individual's possessions to find which items to seize. This will result in the general 'rummaging' banned by the Fourth Amendment." *Commonwealth v. Young*, 287 A.3d 907, 920 (Pa. Super. 2022) (quoting *Commonwealth v. Orie*, 88 A.3d 983, 1002 (Pa. Super. 2014)). The overbreadth doctrine "applies equally to a search of digital space as it does for a physical space." *Moser*, 283 A.3d at 858 (quoting *Green*, 265 A.3d at 553-54).

An otherwise overbroad warrant may be cured by "self-limiting language" in the affidavit of probable cause:

> For example, a warrant that authorizes the search and seizure of a flash drive and "any contents contained therein," without limitation for non-criminal use of the flash drive would be overbroad. However, an overbreadth challenge fails if a warrant for a search of an entire digital device has "self-limiting language" that allows police to search only for evidence of the crime for which there is probable cause.

*Moser*, 283 A.3d at 857 (internal citations omitted); *see also Commonwealth v. Grossman*, 555 A.2d 896, 899 (Pa. 1989) (holding that Pennsylvania Constitution requires a description of items to be seized "as specifically as is reasonably possible").

In this case, the police obtained a warrant which granted unfettered access to all information stored in a cellular phone. Most significantly, officers were permitted to search "any" content in Hall's phone without restricting access to items that would reasonably lead to evidence of a crime. *See*

Omnibus Pretrial Motion, 10/14/2021, Exh. B at 3 (affidavit of probable cause "requesting a search . . . for all and any time stamped information or data stored with the body of the cell phone [], to include sim card and phone memory, including any contacts, phone numbers, messages instant or text, all pictures and all video stored.").

The affidavit submitted in support of the search warrant application included no "self-limiting language" that would narrow the scope of the search to encompass evidence of a crime for which the police had probable cause. *See Grossman*, 555 A.2d at 899; *Orie*, 88 A.3d at 1002.[2]  As the Commonwealth has conceded in its brief:

> [T]he warrant essentially allowed the police to search the entirety of [Hall's] cell phone.  Although the application limited its search to "time stamped" data, no specific parameters existed to prevent general rummaging through the device or accessing data or files that were not reasonably connected to the alleged crimes.

Appellee's Brief, at 24-25 (internal citations and quotations omitted).

Accordingly, I would find that the trial court erred in admitting into evidence the data extracted from Hall's phone and denying Hall's suppression motion.  The warrant permitting unlimited data extraction from the device was

---

[2] The warrant's general descriptions of items to be seized prevent the application of the doctrine of severability, which allows the piecemeal admission and exclusion of items seized pursuant to a warrant depending on whether the respective portions of the warrant were prepared with sufficient particularity.  *See generally Commonwealth v. Ani*, 293 A.3d 704, 729 (Pa. Super. 2023) (citing *Commonwealth v. Casuccio*, 454 A.2d 621, 630 (Pa. Super. 1982)).

unconstitutionally overbroad, and the Commonwealth should have been barred from using that Fourth Amendment violation to secure Hall's conviction.